Filed 11/16/21  P. v. Bodner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DUSTIN BODNER,<br><br>Defendant and Appellant. | C092596<br><br>(Super. Ct. No. 18FE001665) |

Appointed counsel for defendant Dustin Bodner asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant and the victim were married in 2009. By early 2018, they were going through a divorce. The day before the incident, defendant discovered the victim was dating someone else; he spent the day drinking.

That evening, the victim spent the night in the spare bedroom, while defendant slept in the master bedroom. Around 3:00 a.m., the victim woke to see defendant standing naked in her doorway. The victim said she did not want him to touch her. Defendant, nevertheless, forcibly had sex with her, including placing his penis in her vagina and sticking his finger in her anus. He also bit, slapped, and hit the victim, and threatened to kill her and her family if she did not complete those acts of intercourse.

Defendant was charged with multiple counts, but during jury selection the parties reached a plea agreement. As the prosecutor explained, defendant would plead no contest to count three, spousal rape (Pen. Code, § 262, subd. (a)(1)),[2] and count five, penetration by a foreign object (§ 289, subd. (a)(1)), and would receive the eight-year upper term on each, served fully consecutively. Defendant thereafter pleaded no contest to those charges.

Before sentencing, defendant brought a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied. Defendant thereafter asked to represent himself. He also told the court, "I Dustin Bodner, do hereby respectfully

---

[1] The prosecutor provided a factual basis in advance of defendant's plea. The trial court then asked defense counsel if she would object to the court also considering the facts presented in the parties' trial briefs. Counsel stated she had "[n]o objection," adding, "I will say some facts, obviously, are in dispute, but a sufficient basis does exist for the plea." Here, the facts are taken from the prosecution's factual basis as well as the parties' trial briefs.

[2] Undesignated statutory references are to the Penal Code.

revoke my plea," adding, "I was corralled into making a rash decision. I was not of my right mind. I stated and answered I was of my right mind that day. I do roughly recall that when asked by your Honor if I was of the right mind. That, however, does not mean that that was the case." The court clarified that defendant was in fact asking to represent himself in order to get a continuance in order to develop an argument to withdraw his plea: "Is that essentially what you're trying to do?" "Yes, your honor," defendant answered.

The trial court denied the request, explaining the request was equivocal: "The Defendant doesn't really want to represent himself. He wants to file a motion, and his attorney apparently is not willing to file that motion." The court cited the *Marsden* hearing (wherein defendant said he regretted his decision to plea) and also noted the request was untimely. Defense counsel confirmed that she had considered filing a motion to withdraw the plea but ultimately concluded there was no basis for it.

The trial court then sentenced defendant to the stipulated 16-year term: the eight-year upper term for both counts, run consecutively. (§ 667.6, subd. (d).) The court also imposed a $300 restitution fine, a stayed $300 revocation fine, an $80 operations assessment, and a $60 facility fee. Defendant was awarded 1,069 days of custody credits (930 actual; 139 conduct).

Defendant's request for a certificate of probable cause was denied.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from the defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.

  /s/  
HOCH, J.


We concur:


  /s/  
RAYE, P. J.


  /s/  
ROBIE, J.